IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

IKE SHAWNDALE NUNN
ADC #152571                                                                                            PETITIONER

VS.                               CASE NO. 5:16-CV-179-KGB-BD

WENDY KELLEY, Director,
Arkansas Department of Correction                                                          RESPONDENT

RECOMMENDED DISPOSITION

I.  Procedure for Filing Objections

The following Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. Any party may file written objections with the Clerk of Court within fourteen (14) days of filing this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be waived. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

II.  Background

A.  Trial Proceedings

A Jackson County, Arkansas jury convicted Petitioner Ike Shawndale Nunn of first-degree murder for killing his step-father, Cecil Phillips, with a baseball bat. *Nunn v.*

*State*, 2013 Ark. App. 282, 1-2.  The jury sentenced him to forty years' imprisonment in the Arkansas Department of Correction.  (#13-1 at 44)  Evidence produced by the State during the trial showed that the killing occurred at Mr. Phillips's trailer near Tuckerman, Arkansas, after Mr. Phillips had testified at an October 5, 2011 custody hearing at which Mr. Nunn lost custody of his children.  (#13-1 at 246, 219-35)

A blood-stained bat was admitted into evidence.  The State also showed the jury photos depicting a bloody crime scene.  The State's forensic expert, Dr. Adam Craig, used three autopsy photos to show what had happened to Mr. Phillips's skull and testified that Mr. Phillips had died from multiple blunt-force injuries to the head that were consistent with receiving blows from a baseball bat.  *Nunn v. State*, 2013 Ark. App. at 3.

A social worker from Toledo Hospital in Toledo, Ohio, testified that she met with Mr. Nunn on October 9, 2011, after he had checked himself into the hospital for psychiatric treatment.  During the interview, Mr. Nunn confessed to killing his step-father.  (#13-1 at 240, 242)

Mr. Nunn's ex-wife testified that she was friends with Mr. Phillips prior to having a relationship with Mr. Nunn.  She received a text message from Mr. Nunn after the custody hearing reading, "[f]irst thing is to crush everyone you knew. Ha, ha, ha, ha."  (#13-2 at 12)  The State also introduced text messages sent by Mr. Nunn to a friend on the day of the murder indicating that he was upset with his step-father for testifying at the hearing.  (#13-2 at 118-119)  Mr. Nunn wrote that he was "thirtyfive [sic] years old and

will not have a step dad [sic] dictate me and my kids [sic] relationship." (*Id*. at 119) He stated he was going to be "a soldier one last time;" he got the "ball bat outta the truck if I do I luv u u did everything u could to prevent this;" and "he closes his eyes hes done." (#13-2 at 118-119)

Mr. Nunn was the only witness called by the defense. He testified that on the day of the murder, he was upset about losing custody of his kids; he was staying at his step-father's trailer; he drank 3-to-4 six-packs of beer; he passed out; he woke up in pain; he took pain pills and then got into an argument with his step-father. He testified that his step-father came into the room with a bat and threatened to kill him, so he grabbed the bat, struck his step-father approximately four times, and killed him. (#13-2 at 22-26) He testified he did not intend to kill his step-father. (#13-2 at 28-29)

B. Direct Appeal

On direct appeal, Mr. Nunn did not challenge the sufficiency of the evidence. Instead, he argued that the trial court had erroneously denied his motion to exclude three autopsy photographs. The Arkansas Court of Appeals affirmed his conviction. *Nunn*, 2013 Ark. App. at 5.

C. Post-Conviction Proceedings

Mr. Nunn timely filed a verified, pro se petition for post-conviction relief with the circuit court, pursuant to Arkansas Rule of Criminal Procedure 37. He argued that his trial counsel was ineffective for: failing to present evidence that he did not kill his step-

3

father with malice aforethought so as to support a finding of first-degree murder; failing to investigate an "emotional disturbance" defense; failing to call Dr. McConochie, a psychiatrist, as a witness to testify about his psychiatric disorder and physical impairments; failing to adequately cross-examine the witness from Toledo Hospital; failing to object to the introduction of text messages he sent to his ex-wife; failing to subpoena phone records; and failing to object to the prosecutor's closing argument.  (#13-3 at 9-14)  In a written order, the circuit court, applying the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), denied the petition.  *Nunn v. State*, 2015 Ark. 394, 1–2, 473 S.W.3d 16, 18 (2015).

   Mr. Nunn lodged a timely appeal of the circuit court's denial of post-conviction relief.  On appeal, he argued that trial counsel was ineffective for failing to investigate the ramifications of his psychiatric impairment, failing to hire or investigate the need for blood-spatter and DNA experts, failing to hire an investigator to identify and interview potential witnesses, and failing to investigate mitigating circumstances at the sentencing phase of trial.  *Nunn v. State*, 2015 Ark. 394, 3–4 (2015).

   Applying the test set forth in *Strickland*, the Arkansas Supreme Court affirmed the circuit court's denial of post-conviction relief.  *Id*.  The Court found that Mr. Nunn had not met his burden of establishing that further investigation of his mental-health impairments would have led counsel to assert a defense of mental disease or defect.  In his appeal brief, Mr. Nunn argued that his counsel should have introduced the opinion of

William McConochie, M.D., who performed a consultative examination of Mr. Nunn for a September 4, 2009 supplemental security income application he had filed with the Social Security Administration.  The Court rejected the claim, in part, because Mr. Nunn failed to attach Dr. McConochie's report to his Rule 37 petition and failed to r support his claim of mental impairment with anything more than a general assertion.  *Id*. at 4. The Court rejected Mr. Nunn's remaining claims because he had not raised them with the circuit court and could not raise them for the first time on appeal.  *Id*. at 4-6.

    D.    Petition for Writ of Habeas Corpus

Mr. Nunn claims, in ground one of his petition, that the circuit court of Jackson County lacked jurisdiction to try him for first-degree murder because of federal regulations pertaining to the Social Security Administration.  (#2 at 5)  In ground two of his petition, he complains that his trial counsel was ineffective for presenting a justified defense without substantial supporting evidence and failing to investigate his physical and mental impairments, which were documented.  (#2 at 6)  Finally, Mr. Nunn claims ineffective assistance of Rule 37 counsel based on the failure to attach supporting documents.

Respondent Wendy Kelley denies that Mr. Nunn is entitled to habeas relief and offers the following arguments:  (1) Mr. Nunn procedurally defaulted all of his claims except for his claim that his counsel was ineffective for not investigating his alleged mental impairment; (2) Mr. Nunn was not entitled to counsel during his Rule 37

proceedings; and (3) the Arkansas Supreme Court's decision affirming the dismissal of Mr. Nunn's claim that counsel was ineffective for failing to investigate or present evidence related to his alleged mental impairment was not contrary to, or an unreasonable application of, clearly established law. (#13)

For the reasons set forth below, Mr. Nunn's petition for writ of habeas corpus should be denied.

### III. Discussion

#### A. Standard of Review

A federal court can grant a writ of habeas corpus to a state prisoner only where a state court decision was contrary to, or involved an unreasonable application of, clearly established federal law or if the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Garrison v. Burt*, 637 F.3d 849, 853 (8th Cir. 2011) (quoting 28 U.S.C. § 2254(d)). Relief can be granted only if the state court decision is both incorrect and unreasonable. *Id*. (quoting *Cole v. Roper*, 623 F.3d 1183, 1187 (8th Cir. 2010)). The Court must presume that the state court's factual findings are correct, and it is Mr. Nunn's burden to rebut this presumption by clear and convincing evidence. *Id*. (citations omitted).

B.      Jurisdiction of the Jackson County Circuit Court[1]

Mr. Nunn argues that the Jackson County Circuit Court did not have jurisdiction to try him for murder because he had been awarded benefits by the Social Security Administration. The jurisdiction of an Arkansas Circuit Court is determined by the laws of the state of Arkansas and not by federal regulations. Here, Mr. Nunn was charged with committing a felony in Jackson County, and the Circuit Court of Jackson County clearly had jurisdiction. ARK. CODE ANN. § 16-88-101.

C.      Ineffective Assistance of Post-Conviction Counsel

Mr. Nunn claims his post-conviction counsel was ineffective for failing to attach supporting evidence to his Rule 37 petition. (#2 at p. 8) Mr. Nunn filed a *pro se* Rule 37 petition and a *pro se* appeal of the Circuit Court's denial of his petition. Mr. Nunn did file two motions in the circuit court, however, requesting court-appointed counsel to represent him. (#13-3 at 16-18, 20-22) The trial court held that Mr. Nunn did not have a constitutional right to counsel and exercised its discretion to deny the motion. (*Id*. at 30)

---

[1]It is unnecessary to decide whether Mr. Nunn procedurally defaulted some of his claims because, under the circumstances of this case, it is more efficient to proceed to the merits. See *Trussell v. Bowersox*, 447 F.3d 588, 590 (8th Cir. 2006), cert. denied, 549 U.S. 1034 (2006) (holding that procedural default is not a jurisdictional bar, and federal courts can address the merits of an apparently defaulted claim "in the interest of judicial economy"); see also *Kemp v. Hobbs*, 2012 WL 2505229 (E.D.Ark. June 28, 2012) ("Where it is more efficient to do so, therefore, this Court may resolve [habeas] claims on the merits rather than navigating through a procedural-default thicket.") (citing 28 U.S.C. § 2254(b)(2) and *McKinnon v. Lockhart*, 921 F.2d 830, 833 n. 7 (8th Cir.1990)).

It is established law that there is no constitutional right to an attorney in state post-conviction proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752, 111 S. Ct. 2546, 2566 (1991). Accordingly, deficiencies by a petitioner's post-conviction counsel do not rise to the level of a constitutional violation that can underpin a habeas corpus claim. Thus, the state court's decision denying appointed counsel was not contrary to, or an unreasonable application of, clearly established federal law.

D. Ineffective Assistance of Trial Counsel

Mr. Nunn claims that his trial counsel was ineffective for failing to investigate his mental impairments. He asserts that, had his counsel further investigated, he could have asserted the affirmative defense of not guilty by reason of mental disease or defect. (#2 at 6, #3 at 6-7)

In order to prevail on his habeas corpus claim based on ineffective assistance of counsel, Mr. Nunn must show that his trial counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney. Further, he must show that there is a "reasonable probability" that the outcome of the trial would have been different but for the substandard performance of trial counsel. *Strickland*, 466 at 687-94. For purposes of a *Strickland* analysis, a "reasonable probability" is one that is sufficient to undermine confidence in the outcome of the trial. *Wiggins v. Smith*, 539 U.S. at 534 (quoting *Strickland*, 466 U.S. at 694).

This Court's scrutiny of defense counsel's performance is highly deferential, and there is a strong presumption that counsel's conduct fell within the "wide range of reasonable professional judgment." *Bucklew v. Luebbers*, 436 F.3d 1010, 1016 (8th Cir. 2006) (citing *Strickland*, 466 U.S. at 689); see also *Middleton v. Roper*, 455 F.3d 838, 845 (8th Cir. 2006)).

In order to establish the affirmative defense of mental disease or defect under Arkansas law, Mr. Nunn would have had to prove that, at the time he engaged in the conduct charged, he lacked capacity, as a result of his mental disease or defect, to conform his conduct to the requirements of law or to appreciate the criminality of his conduct. ARK. CODE ANN. § 5-2-312.

Trial counsel moved for a mental evaluation of Mr. Nunn early on in the case, and the court granted the motion. (#13-1 at 15-17) Mark Peacock, Ph.D., examined Mr. Nunn and concluded that he was malingering throughout the examination. (#13-1 at 23) In his report, Dr. Peacock wrote that, "Mr. Nunn was consciously engaged in a blatant effort to feign psychological impairment and was broadly non-compliant." (*Id*.) He found that Mr. Nunn had failed to offer any valid evidence of a mental disease or defect at the time of his alleged offense and did not lack the capacity either to appreciate the illegality of his alleged conduct or to conform his conduct to the requirements of the law because of a mental disease or mental defect. (*Id*. at 24)

9

At a pretrial conference, Mr. Nunn's lawyer stated on the record that Mr. Nunn had been able to assist him in the defense and had shown no signs of mental defect. (*Id*. at 56) The court asked Mr. Nunn if he agreed with his lawyer's statement, and he said, "yes." (#13-1 at 56)

In the circuit court's written order denying Mr. Nunn's Rule 37 petition, it found that Mr. Nunn's claim that additional investigation would have led counsel to evidence supporting a mental disease or defect defense was unsupported. (#13-3 at 28) The court noted that Mr. Nunn had referred to Dr. McConochie's opinion and alleged that it would have stated that he had an active psychiatric disorder. Mr. Nunn did not attach a copy of Dr. McConochie's report to his petition.[2] (*Id*) On appeal, Mr. Nunn also referenced the opinion of a Toledo Hospital physician[3] who had evaluated him, but he failed to state how

---

[2]The record does not include a copy of Dr. McConochie's report. Mr. Nunn attaches, however, the Social Security Administration's decision dated April 11, 2011 granting benefits and referencing the report as well as a letter from Dr. McConochie advising Mr. Nunn how to obtain a copy of the report. (#3 at 25-32) The Court questions whether Dr. McConochie's opinion would have had any relevance given that it was an assessment made in April, 2011, six months prior to the murder, for purposes of determining Mr. Nunn's eligibility to receive supplemental security income benefits. (#2 at 53-57, #3 at 32)

[3]Mr. Nunn attaches to his petition Ahmed J. Janjua, M.D.'s treatment notes from October 9, 2011. (#3 at 19-20) Dr. Janjua evaluated Mr. Nunn days after the murder and diagnosed major depressive disorder, recurrent and severe, history of intermittent explosive disorder, alcohol dependence, and cannabis abuse. (#3 at 20) Dr. Janjua noted that during the examination, Mr. Nunn made good eye contact and conversation, his mood and affect were depressed, but he denied any auditory hallucinations and any current suicidal ideation, homicidal ideation, or plans. (*Id*.) He was oriented to time, place and person and his attention concentration, memory, abstraction were intact and adequate. (*Id*.)

it supported his assertion that counsel could have raised an affirmative defense of mental disease or defect under Arkansas law. *Nunn*, 2015 Ark. at 5.

The Arkansas Supreme Court also noted that Mr. Nunn had not met his burden of proving that additional investigation into his alleged mental impairment would have supported the affirmative defense of mental disease or defect. It noted that bald assertions of a history of psychiatric treatment, alcoholism, or other addictions are not sufficient to establish a mental disease or defect under Arkansas law. *Id*. (citing *Nance v. State*, 339 Ark. 192 (1999)).

Based on the record of the state post-conviction proceedings, this Court cannot conclude that the state courts' decisions were contrary to, or involved an unreasonable application of, federal law or that the state courts made an unreasonable determination of the facts in light of the evidence presented. See *Sidebottom v. Delo*, 46 F.3d 744, 753 (8th Cir. 1995) (counsel was not compelled to seek a second mental evaluation merely because first was less than favorable). Neither Dr. McConochie's evaluation nor Dr. Janjua's treatment notes were sufficient to support an affirmative defense of mental disease or defect under Arkansas law. Further, if his counsel had pursued the affirmative defense of mental disease or defect, he would have opened the door for the State to introduce the opinion of Dr. Peacock, who concluded that Mr. Nunn malingered throughout his examination and maintained the capacity to appreciate the illegality of his alleged conduct and conform his conduct to the requirements of the law. Given the

evidence presented, it was reasonable for the state courts to conclude that counsel's performance was not deficient.

### IV.     Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability.  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  The Court can issue a certificate of appealability only if Mr. Nunn has made a substantial showing that he was denied a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).  In this case, Mr. Nunn has not provided a basis for the Court to issue a certificate of appealability.  Accordingly, a certificate of appealability should be denied.

### V.     Conclusion

Mr. Nunn's claims for habeas relief lack merit.  The Court recommends that Mr. Nunn's petition for writ of habeas corpus (#1) be denied and dismissed, with prejudice.  The Court further recommends that no certificate of appealability be issued.

DATED this 22nd day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE