IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

IKE SHAWNDALE NUNN,
ADC # 152571                                                                              PLAINTIFF

v.                                        5:16-cv-00179-KGB-BD

WENDY KELLEY, Director,
Arkansas Department of Correction                                                       DEFENDANT

## ORDER

The Court received a Recommended Disposition in this matter from Magistrate Judge Beth Deere (Dkt. No. 16). The Court also received timely objections from plaintiff Ike Shawndale Nunn (Dkt. No. 17). Mr. Nunn also has pending a notice of appeal (Dkt. No. 19), a motion for certificate of appealability (Dkt. No. 20), a second motion for certificate appeability (Dkt. No. 21), a motion for leave to appeal *in forma pauperis* (Dkt. No. 22), and a motion for status report (Dkt. No. 23). After a review of the Recommended Disposition, Mr. Nunn's objections, and a *de novo* review of the record, the Court hereby adopts the Recommended Disposition and dismisses with prejudice Mr. Nunn's petition. The Court denies Mr. Nunn's motion for certificate of appealability (Dkt. No. 20) and second motion for certificate appeability (Dkt. No. 21). The Court also denies Mr. Nunn's motion for leave to appeal *in forma pauperis* (Dkt. No. 22). The Court grants Mr. Nunn's motion for status report (Dkt. No. 23).

In regard to the merits of Mr. Nunn's petition for writ of *habeas corpus* under 28 U.S.C. § 2254, the Court first reviews the procedural background of this case. A Jackson County, Arkansas, Circuit Court jury convicted Mr. Nunn of first-degree murder in connection with the death of his stepfather, Cecil Phillips (Dkt. No. 16, at 1). The evidence at trial showed that Mr. Nunn beat Mr. Phillips to death with a baseball bat. *Nunn v. State*, 2013 Ark. App. 282. Mr. Nunn's conviction

was affirmed on appeal. *Id*. On direct appeal, Mr. Nunn did not challenge the sufficiency of the evidence. *See Nunn v. State*, 473 S.W.3d 16, 18 (Ark. 2015). Instead, he argued that the trial court erroneously denied his motion to exclude three autopsy photographs. *Id.*

Subsequently, Mr. Nunn timely filed a verified, *pro se* petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 in the circuit court. He argued that his trial counsel was ineffective for the following reasons: (1) counsel failed to present evidence that Mr. Nunn did not kill his stepfather with malice aforethought to support a finding of guilty for first-degree murder; (2) counsel failed to investigate an "emotional disturbance defense[;]" (3) counsel did not have Dr. McConochie, a psychiatrist, testify about his psychiatric disorder and physical impairments; (4) counsel caused him to be prejudiced by counsel's cross-examination of the Toledo Hospital's witnesses; (5) counsel failed to object to text messages to Peggy Nunn; (6) counsel did not subpoena phone records; and (7) counsel failed to object to the prosecutor's closing argument. The circuit court denied the petition without a hearing, and Mr. Nunn timely lodged an appeal of that order with the Arkansas Supreme Court.

Applying the standard for ineffective assistance of counsel claims set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), the Arkansas Supreme Court affirmed the circuit court's denial of Mr. Nunn's Rule 37 petition. *Id.* at 19.

Subsequently, Mr. Nunn filed a petition for writ of *habeas corpus* with this Court. In his petition, Mr. Nunn presents three grounds for relief: (1) the circuit court lacked jurisdiction to try him for first-degree murder because he previously had a case open with the Social Security Administration; (2) his trial counsel was ineffective for failing to investigate his physical and mental impairments, which were documented; and (3) his Rule 37 counsel was ineffective for failing to attach supporting documents to his petition (Dkt. No. 2). Respondent Wendy Kelley

denies that Mr. Nunn is entitled to the relief he seeks and contends that Mr. Nunn procedurally defaulted all of his claims except for his claim that his counsel was ineffective for not investigating his alleged mental impairment. She contends that Mr. Nunn was not entitled to counsel during his Rule 37 proceedings. Finally, she contends that the Arkansas Supreme Court's decision affirming the dismissal of Mr. Nunn's claim that counsel was ineffective for failing to investigate or present evidence related to his alleged mental impairment was not contrary to, or an unreasonable application of, clearly established law. As a result, Director Kelley requests that the Court dismiss Mr. Nunn's petition because she contends that his claims are procedurally defaulted, without merit, or not cognizable. Magistrate Judge Deere analyzed the merits of Mr. Nunn's claims and recommends that the Court deny with prejudice Mr. Nunn's petition for writ of *habeas corpus*.

Mr. Nunn timely filed objections to Magistrate Judge Deere's Recommended Disposition (Dkt. No. 17). In his first objection, Mr. Nunn contends that the circuit court lacked jurisdiction over him because he contends that the Social Security Administration had primary jurisdiction and exclusive agency jurisdiction over him and that the agency determined his mental impairments rendered him disabled (Dkt. No. 17, at 3). He argues that once this agency determination was made, the circuit court lacked jurisdiction because it could not adjudicate his mental state, which he contends is an element to be proved for a first-degree murder charge. He contends that the circuit court was estopped from determining his mental capacity (Dkt. No. 17, at 4). The Court overrules Mr. Nunn's objection and rejects his argument.

What the Social Security Administration may consider as a disability may or may not be the same as a mental disease or defect for a jury's purpose in determining criminal responsibility. This is so because the Social Security Administration standard for determining disability is different from the standard applied in criminal proceedings. First, as a general matter, the circuit

3

court's jurisdiction over felony criminal matters is established by Arkansas Code Annotated § 16-88-101(a)(3). The jurisdiction of an agency is limited to the powers conferred on it by Congress. *Louisiana Pub. Serv. Comm'n v. F.C.C.*, 476 U.S. 355, 374 (1986) ("[A]n agency literally has no power to act, let alone pre-empt the validly enacted legislation of a sovereign State, unless and until Congress confers power upon it."). The best way of determining whether Congress intended the regulations of an administrative agency to displace state law is to examine the nature and scope of the authority granted by Congress to the agency. *Id*. The Social Security Administration is an independent agency in the executive branch of the government with the duty to administer the old-age, survivors, and disability insurance programs established under subchapters II and XVI of Chapter 42 of the United States Code. 42 U.S.C.A. § 901. The agency has been given no authority over criminal matters, and its regulations do not displace state law conferring jurisdiction over those matters. In short, the Social Security Administration does not have jurisdiction over criminal cases, and its findings of fact are not binding on state criminal courts in unrelated matters. Therefore, the Court agrees with the Recommended Disposition and denies Mr. Nunn's first ground for *habeas corpus* relief.

Mr. Nunn's second objection is closely related to his first objection. He contends that the Social Security Administration determined that he qualified for disability benefits in part due to his alleged diagnoses of major depressive disorder, intermittent explosive disorder, alcohol dependence, cannabis abuse, antisocial personality disorder, hypertension, and a GAF score of 25 to 30. He contends that this determination was "federal law" and that it is a "matter of federal law" that he suffers from mental disease and defects (Dkt. No. 17, at 10–12). He further contends that this finding had "legislative effect" on the Arkansas courts during his prosecution for first-degree murder (*Id*.). Essentially, Mr. Nunn appears to contend that the Administrative Law

Judge's findings during the Social Security Administration proceeding with regard to his mental impairments are binding regarding his mental capacity to commit first-degree murder and/or his mental capacity to stand trial. Again, the standards used to determine a mental impairment for Social Security disability cases are different from the standard used to determine capacity to commit a crime or to stand trial for a crime. An administrative agency is limited to the scope of its authority as granted by Congress. The Social Security Administration has no authority in criminal matters, and its finding had no preclusive effect in Mr. Nunn's criminal case.

For his final objection to the Recommended Disposition, Mr. Nunn makes a broad assertion that he has been legally incompetent throughout the course of litigation (Dkt. No. 17, at 12). He appears to base this contention on the fact that he allegedly has been receiving mental health care since his commitment to the Arkansas Department of Correction. To the extent Mr. Nunn cites this Court to "document 2 page 22, 23 and 24" in support of this contention, the Court finds no factual support in those documents or in the record before it for his contention that he has been legally incompetent throughout the course of litigation (Dkt. No. 17, at 12). For the reasons explained in the Recommended Disposition and in this Order, the Court denies with prejudice Mr. Nunn's petition for *habeas corpus* relief.

In addition, Mr. Nunn has filed a notice of appeal (Dkt. No. 19), motion for certificate of appealability (Dkt. No. 20), second motion for certificate appeability (Dkt. No. 21), and motion for leave to appeal *in forma pauperis* (Dkt. No. 22). "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States. . . ." 28 U.S.C. § 1291. Mr. Nunn filed his notice of appeal with the Clerk of Court before this Court entered a final order and judgment. Magistrate Judge Deere's Recommended Disposition does not

operate as a final order (Dkt. No. 16). If he desires to do so, Mr. Nunn must timely appeal from this Court's final Order and Judgment, which the Court enters today.

The Court denies Mr. Nunn's motion for certificate of appealability (Dkt. No. 20) and second motion for certificate appeability (Dkt. No. 21). The Court determines that Mr. Nunn has not made a substantial showing that he was denied a constitutional right, which is required for this Court to issue a certificate of appealability. *See* Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court; 28 U.S.C. § 2253(c)(1)-(2).

Also before the Court is Mr. Nunn's motion for leave to proceed *in forma pauperis* on appeal (Dkt. No. 22). The Court previously granted Mr. Nunn leave to proceed *in forma pauperis* in this case (Dkt. No. 5). Rule 24(a)(3) of the Federal Rules of Appellate Procedure provides in part that a party who was permitted to proceed *in forma pauperis* in the district-court action may proceed on appeal *in forma pauperis* without further authorization, unless the district court certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis*. However, because the Court has declined to issue a certificate of appealability, the motion to proceed *in forma pauperis* is denied without prejudice. *See* 28 U.S.C. § 2253. Mr. Nunn may refile the motion with the United States Court of Appeals for the Eighth Circuit consistent with Federal Rule of Appellate Procedure 24(a).

Mr. Nunn's motion for status report is granted (Dkt. No. 23). The Clerk of Court is directed to mail a copy of the docket sheet, along with a copy of this Order and the Judgment entered in this matter, to Mr. Nunn.

It is so ordered this the 24th day of August, 2017.

_____
Kristine G. Baker
United States District Judge